UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| SYLVIA U. BELTRAN, | Case No. CV 15-08775-AS |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, | |
| Defendant. | |

**PROCEEDINGS**

On November 10, 2015, Plaintiff filed a Complaint seeking review of the denial of her applications for Disability Insurance Benefits and Supplemental Security Income. (Docket Entry No. 1). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Docket Entry Nos. 29-30). On May 25, 2016, Defendant filed an

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration and is substituted in for Acting Commissioner Caroyln W. Colvin in this case. See 42 U.S.C. § 205(g).

1

Answer along with the Administrative Record ("AR"). (Docket Entry Nos. 15-16). On March 27, 2017, the parties filed a Joint Stipulation ("Joint Stip."), setting forth their respective positions regarding Plaintiff's claim. (Docket Entry No. 17).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15; "Case Management Order," filed November 23, 2015 (Docket Entry No. 9).

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On July 5, 2012, Plaintiff, formerly employed as a housekeeper and a ticketing factory packer (see AR 61, 229), filed applications for Disability Insurance Benefits and Supplemental Security Income, alleging a disability since September 27, 2010. (AR 199-208). On March 21, 2014, the Administrative Law Judge ("ALJ"), Dean Yanohira, heard testimony from Plaintiff (who was represented by counsel) and vocational expert Freeman Leeth, Jr. (See AR 55-108). On June 2, 2014, the ALJ issued a decision denying Plaintiff's applications. (See AR 30-42). After determining that Plaintiff had severe impairments -- "asthma; cervical spine strain/sprain: possible left cervical radiculopathy; lumbar spine strain/sprain; obesity; mild carpal tunnel syndrome; major depressive order; and post tramatic stress disorder" (AR 32) -- but did not have an impairment or combination of impairments that met or medically equaled the severity of one of the Listed Impairments (AR 33), the ALJ found that Plaintiff had the residual functional capacity

("RFC")[2] to perform sedentary work[3] with the following limitations: can occasionally climb (but no ladders, ropes or scaffolds), stoop, kneel, crouch and crawl; can frequently handle, grasp, grip and finger with the bilaeral upper extremities; no exposure to extreme cold/heat, humidity, dusts or fumes; and limited to unskilled simple, repetitive tasks. (AR 34-39). The ALJ then determined that Plaintiff was not able to perform any past relevant work (AR 39), but that jobs existed in significant numbers in the national economy that Plaintiff can perform, and therefore found that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 39-42).

Plaintiff requested that the Appeals Council review the ALJ's Decision. (See AR 22). The request was denied on September 11, 2015. (See AR 1-6). The ALJ's Decision then became the final decision of the Commissioner, allowing this Court to review the decision. See 42 U.S.C. §§ 405(g), 1383(c).

---

[2] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

**STANDARD OF REVIEW**

This court reviews the Administration's decision to determine if it is free of legal error and supported by substantial evidence. See Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001). As a result, "[i]f the evidence can reasonably support either affirming or reversing the ALJ's conclusion, [a court] may not substitute [its] judgment for that of the ALJ." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

**PLAINTIFF'S CONTENTION**

Plaintiff alleges that the ALJ failed to properly reject the opinion of Plaintiff's treating physician, Dr. Srinivasan. (See Joint Stip. at 4-9).

**DISCUSSION**

After consideration of the record as a whole, the Court finds that the Commissioner's findings are supported by substantial evidence and

are free from material legal error.[4]

A. **The ALJ Properly Rejected the Opinion of Plaintiff's Treating Physician, Ramchandran Srinivasan, M.D.**

Plaintiff asserts that the ALJ failed to provide proper reasons for rejecting the opinion of Plaintiff's treating physician, Dr. Srinivasan. (See Joint Stip. at 4-9). Defendant asserts that the ALJ provided valid reasons for rejecting Dr. Srinivasan's opinion. (See Joint Stip. at 9-18).

Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability. Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. 20 C.F.R. § 404.1527(b)-(d), 416.927(b)-(d). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." Holohan v.

---

[4] The harmless error rule applies to the review of administrative decisions regarding disability. See McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (an ALJ's decision will not be reversed for errors that are harmless).

Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).

If a treating doctor's opinion is not contradicted by another doctor, the ALJ can reject the treating doctor's opinion only for "clear and convincing reasons." Carmickle v. Commissioner, 533 F.3d 1155, 1164 (9th Cir. 2008); Lester, 81 F.3d at 830. If the treating doctor's opinion is contradicted by another doctor, the ALJ must provide "specific and legitimate reasons" for rejecting the treating doctor's opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998); Lester, 81 F.3d at 830.

Plaintiff was treated at Monterey Park Medical Center by Ramchandran Srinivasan, M.D., from September 2012 to September 2014. (See AR 556-62, 563-622, 638-42, 643-50). Dr. Srinivasan also prepared a Physical Capacities form dated June 14, 2012, and a treatment note dated August 2, 2012. (See AR 399-402). The Physical Capacities form prepared by Dr. Srinivasan indicated that Plaintiff had the following limitations: can stand/walk 0 to 2 hours in an 8-hour workday; can sit 0 to 2 hours in an 8-hour workday; is restricted in using hands/fingers for repetitive motions because Plaintiff has chronic tendinitis; is restricted in using feet for repetitive movements because Plaintiff has weakness/pain in her left knee and ankle; is restricted by environmental factors such as the cold; can never lift/carry any weight; can never

climb, balance, crouch or crawl; and can occasionally stoop, kneel and reach. (AR 401-02).

The ALJ rejected Dr. Srinivasan's opinion regarding Plaintiff's limitations because it lacked a signature, was illegible, undated, and contained no clinical findings, function-by-function assessment, or narrative to support the extreme functional limitations. (AR 36).

Plaintiff contends that the ALJ improperly found that Dr. Srinivasan's opinion was unsigned because the signature on the opinion mirrors that of Dr. Srinivasan's signature in other parts of the record. (Joint Stip. at 7, citing AR 556). Plaintiff also contends that the opinion is legible because the brief explanations provided for the functional limitations are readable. (Joint Stip. at 7 citing AR 401). The Court agrees. It appears that the Physical Capacities form is signed by Dr. Srinivasan, (compare AR 556), is legible,[5] and is dated. (See AR 401). Defendant concedes that the ALJ erred in finding that Dr. Srinivasan's opinion was not dated. (See Joint Stip. at 16),

Nonetheless, the ALJ properly rejected Dr. Srinivasan's *opinion* because it was not supported by clinical findings. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (An ALJ "need not accept the opinion of any physician, including a treating physician, if that

---

[5] Although many of Dr. Srinivasan's treatment notes were not legible (see AR 563-622), Dr. Srinivasan's opinion on the Physical Capacities form was legible.

opinion is brief, conclusory and inadequately supported by clinical findings."). As the ALJ found, there is a complete lack of support for the extreme functional limitations found by Dr. Srinivasan. Plaintiff's reliance on an August 2012 treatment note indicating that Plaintiff suffered from pain in her elbow, wrist, spine, hand, wrist, and knees, (AR 399-400)[6], and prescription notes, (AR 638, 642), is unwarranted because there are no clinical findings or tests supporting these statements. Dr. Srinivasan's only clinical findings, namely that Plaintiff suffered from "mild left carpal tunnel of the median nerve at the wrist," "a mild right median neuropathy," and "possible left cervical radiculopathy by prolonged F-wave(s)" (AR 556-60), do not support Plaintiff's severely restricted limitations. See Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ properly discounted treating physician's opinion for being "so extreme as to be implausible" and "not supported by any findings" where there was "no indication in the record what the basis for these restrictions might be"); see also Lombardo v. Schweiker, 749 F.2d 565, 567 (9th Cir. 1984) (finding that ALJ set forth sufficient reasons for rejecting treating physician's opinion because no clinical findings supported the opinion).

Moreover, the ALJ properly rejected Dr. Srinivasan's opinion because it was not supported by a function-by-function assessment or narrative. Dr. Srinivasan checked a box indicating that Plaintiff was

---

[6] The treatment notes, dated August 2, 2012, are unsigned. (AR 400).

restricted in using hands/fingers for repetitive motions because Plaintiff has "chronic tendinitis with a possible tear," (AR 401), Plaintiff was restricted in using feet for repetitive movements because Plaintiff has "weakness/pain in the left knee and ankle," (Id.), and Plaintiff was restricted by environmental factors because "the cold aggravates Plaintiff's joint pain." (Id.). Dr. Srinivasan's opinion consists mainly of check mark responses and brief explanations based on Plaintiff's reported symptoms rather than treatment notes. See Thomas v. Barnhart, 278 F.3d at 957; Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001) ("[T]he regulations give more weight to opinions that are explained than to those that are not"); Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996)(an ALJ may "permissibly reject[] . . . check-off reports that [do] not contain any explanation of the bases of their conclusions."); see also Leverenz v. Berryhill, No. 14-17402, 2017 WL 2297496, at *2 (9th Cir. May 25, 2017) ("[S]ubstantial evidence supported the ALJ's decision to reject the opinion of treating physician . . . [where the opinion] was on a standard form check-off report that failed to provide any clinical findings or narrative to support the limitations asserted.").

Accordingly, although the ALJ erred in rejecting Dr. Srinivasan's opinion on the grounds that it was unsigned, undated and illegible, the ALJ's error was harmless in light of the other valid reasons provided. See Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error is harmless where it is "inconsequential to the

ultimate nondisability determination"). The lack of clinical findings supporting the extreme limitations and the lack of a function-by-function assessment or narrative were specific and legitimate reasons for rejecting the opinion of Dr. Srinivasan.

**ORDER**

For the foregoing reasons, the decision of the Commissioner is AFFIRMED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 16, 2017.

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE